# CHARLESTON.

## FRANKLIN AND PONTO *v.* BROWN, WARDEN, ETC.

Submitted March 17, 1914. Decided March 24, 1914.

1. CRIMINAL LAW—*Punishment—Validity of Statute.*

    Section 12, chapter 144, Code 1913, serial section 5163, prescribing penalties for robbery, is not void, as contravening section 5, article 3, of the Constitution, providing against "cruel and unusual punishment", and that "Penalties shall be proportioned to the character and degree of the offence." (p. 729).

2. HABEAS CORPUS—*Punishment—Validity.*

    Nor is a judgment of imprisonment for life on conviction of rob-

bery under said section 12, chapter 144, of the Code, void as in violation.of said provisions of the Constitution, entitling the accused to discharge on habeas corpus.   (p. 730).

3. . CONSTITUTIONAL LAW—*Due Process—Punishment for Robbery.*

Nor is said section 12, chapter 144, of the Code, in contravention of the fourteenth amendment or any other provision of the federal Constitution.   (p. 731).

. Habeas corpus by Charles Franklin and another against M. L. Brown, Warden.

*Writ Refused.*

*Everett F. Moore,* for petitioners.

*A. A. Lilly,* Attorney General, for respondent.

MILLER, PRESIDENT:

On writ of habeas corpus petitioners seek discharge from imprisonment in the state penitentiary, where, by the judgment of the Circuit Court of McDowell County, they were committed for life on an indictment for robbery.

The indictment, made a part of the return of the warden, charges that petitioners "did, in and upon one William Creasy, feloniously make an assault, and him the said William Creasy did then and there feloniously put in bodily fear and danger of his life, and silver coin consisting of two fifty cent pieces of the value of fifty cents each, good and lawful money of the United States of America, of the property of the said William Creasy from the person and against the will of the said William Creasy, then and there feloniously and violently did steal, take and carry away, against the peace and dignity of the State." This is the common law form of indictment where no dangerous weapon is used.   Mayo's Guide, 596; *Houston* v. *Commonwealth*, 87 Va. 257, 265-6; 1 Wharton's Prec. of Ind. and Pl., (4th Ed.) sections 410-413.

"Robbery", at common law, "is the felonious and forcible taking from the person of another of goods or money to any value, by violence or putting in fear." *State* v. *McAllister*, 65 W. Va. 97, 63 S. E. 758, 131 Am. St. Rep. 955; *Houston* v. *Commonwealth, supra.* Our statute, section 12, chapter 144, Code 1913, serial section 5163, which does not define robbery, but only prescribes the punishment, provides: "If any person

commit robbery, being armed with a dangerous weapon, he shall be confined in the penitentiary not less than ten years; if not so armed, he shall be confined therein not less than five years.'' As we said in *State* v. *McAllister, supra*, the offense referred to in this statute is the common law offense of robbery.

The main ground, indeed the only ground, on which petitioners rely to obtain their discharge, is that our statute, which prescribes only minimum penalties, and leaves it within the power of the court to pronounce judgment of imprisonment for life, a ''cruel and unusual punishment'', is void, contravening section 5, of article 3, of our Constitution, providing among other things against ''cruel and unusual punishment'', and that ''Penalties shall be proportioned to the character and degree of the offence.''

We deem it quite unnecessary to enter upon any extended discussion as to what is meant by ''cruel and unusual punishment'', interdicted by the Constitution; and by that other clause thereof respecting what penalties may be imposed. These questions were elaborately and ably gone into by Judge BRANNON in *State* v. *Woodward*, 68 W. Va. 66. As said in that case, the clause, cruel and unusual punishment, originally occurring in the Bill of Rights of 1688, was there inserted as a provision against cruel judgments like those inflicted in the days of the tyrant Stuarts, and which found its way naturally into our Constitution, and into the constitutions of most of the states. But Judge BRANNON says it refers only to punishments of such cruel character as he there describes, and was not intended as a limitation on the general powers of the legislature to say what are offenses and to prescribe punishments therefor.

Robbery, from the earliest times, has always been regarded a crime of the gravest character. At common law the punishment for robbery was death, with or without benefit of clergy, according to varying statutes. 4 Sharswood's Blackstone, 243. Now by statute the punishment for robbery in England is penal servitude for life. 9 Laws of England, (Earl of Halsbury) 664, section 1333. While the punishment inflicted on petitioners in this case is the same as prescribed in the English statute, the extreme limit under our statute,

our law allows a lesser punishment and down to the minimum punishment prescribed. The statutes of the different states vary greatly in regard to the punishment prescribed for rob-bery. In Virginia the statute prescribes death if accomplished with violence in certain ways, or, in the discretion of the jury, not less than eight nor more than eighteen years; if committed in any other mode, a maximum and minimum imprisonment is prescribed, not less than five nor more than ten years. The indictment does not charge petitioners with having committed the offense ''being armed with a dangerous weapon''; but we do not know what aggravating circumstances, if any, may have been shown on the trial, justifying imprisonment for life. Our cases of *Moody and Koons* v. *State*, 1 W. Va. 337; *State* v. *Jackson*, 26 W. Va. 250, and the Virginia case of *Houston* v. *Commonwealth, supra,* and other cases, furnish no precedents for inflicting the severest punishment. As said, however, the evidence is not before us, and we have no means of knowing the aggravating facts and circumstances, if any, justifying the punishment. However, as the statute prescribes only minimum penalties for both forms, leaving it to the court to say what the punishment shall be, we cannot say, in view of the law and facts presented, that the judgment is violative of the Constitution and void. If we have any power to review or revise such judgment it is by writ of error, not upon habeas corpus.

But does the statute or judgment of imprisonment contravene the provision of the Constitution that ''Penalties shall be proportioned to the character and degree of the offence''? Certainly on habeas corpus we cannot so hold. A different case might be presented on writ of error, with all the evidence before us; but in the absence of the whole record how can we say the punishment inflicted is obnoxious to this constitutional limitation? As the statute is not void, we cannot see that the punishment is disproportioned to the offense. In *State* v. *Woodward, supra,* Judge BRANNON does say, influenced by this clause of the Constitution and the recent case of *Weems* v. *United States*, 217 U. S. 349: ''Surely under our constitution fines so excessive, imprisonment so long, looking to the offense, as to shock our feelings of humanity, conscience, justice and mercy would be branded by this clause.'' But

how can we look to the offense without the record? And if we had the record, the statute being valid, could we discharge the prisoners on habeas corpus, when properly convicted of crime? If we had the case on writ of error, and the whole record before us so as to be able to judge of the character of the crime, and whether the punishment inflicted was disproportioned to the offense, we might reverse the judgment and remand the case with direction to enter a proper judgment on the verdict.

Nor do we think our statute providing for the punishment of robbery in conflict with the fourteenth amendment or other provisions in the federal Constitution, as represented in the eighth and ninth paragraphs of plaintiffs' petition.

If there is merit in the claim of petitioners that they have been unjustly punished, they may have a case for executive clemency, but we cannot discharge them on habeas corpus.

We, therefore, deny the writ.

*Writ Refused.*