# Richmond

PENSY WALLER v. COMMONWEALTH OF VIRGINIA.

March 12, 1951.

Record No. 3790.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Harold B. Singleton* and *L. H. Shrader,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Henry T. Wickham, Assistant Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

On June 30, 1950, Pensy Waller was tried before the trial justice of Campbell county on two warrants, one charging her with adultery, drunkenness and indecent exposure, and the other with adultery. She was found guilty under both warrants, and appealed each of the judgments to the circuit court of the said county.

On July 10, 1950, in the circuit court, by consent of all parties, the two warrants were tried together. On motion of the Commonwealth's Attorney a *nolle prosequi* was entered as to the charge of adultery in the first warrant. After hearing the evidence and the instructions of the court, the jury returned three verdicts, finding her guilty of three offenses. Under the warrant charging two offenses, they imposed a fine of five dollars for drunkenness and confinement in jail for twelve months for indecent exposure. Under the warrant charging her with adultery, they fixed her punishment at imprisonment in jail for twelve months. Upon motion to set aside the verdicts, the trial court set aside those for drunkenness and indecent exposure; but approved the one for adultery. Defendant excepted. Judgment was entered according to the verdict, and we granted this writ of error.

Defendant contends that section 18-82 of the Code of Virginia, 1950, (Code, 1942, (Michie), section 4543), does not prescribe confinement in jail as a punishment for simple adultery,

"but only a fine in an amount not less than twenty dollars nor more than five hundred dollars."

No question was raised as to the guilt of the accused, a married woman. It was not shown or claimed that her offense was committed with a person within prohibited degrees of relationship.

The only question presented for our decision is whether the punishment imposed for adultery was greater than that allowed by law. This requires us to interpret section 18-82 of the Code of 1950, (Code, 1942, (Michie), section 4543), which merely prescribes a fine of not less than twenty dollars for simple adultery, and section 19-265 of the Code of 1950, (Code, 1942, (Michie), section 4782), which provides punishment for a misdemeanor for which no punishment or no maximum punishment is prescribed by statute.

A review and consideration of the historical background of the statutes involved is necessary and proper in order to arrive at a correct conclusion.

Simple adultery and fornication were not regarded as offenses under the common law. They are punishable in Virginia only as prescribed by statute. *Anderson* v. *Commonwealth,* 5 Rand. (26 Va.) 627, 16 Am. Dec. 776; *Commonwealth* v. *Isaacs,* 5 Rand. (26 Va.) 634; *Johnson* v. *Commonwealth,* 152 Va. 965, 969, 146 S. E. 289; 2 C. J. S., Adultery, section 1 b, page 472.

In 1 Am. Jur., Adultery, section 3, page 683, this is said:

"Adultery was not, however, regarded by the common law as an indictable offense, but as a private wrong for which the injured husband had his right of action for damages."

By section 6 of chapter 7 of an Act relating to crimes and punishments, Acts of Assembly, 1877-78, page 302, it was provided that:

"If a person commit adultery or fornication, he shall be fined not less than twenty dollars."

This statute, with amendment, was subsequently embodied in section 3786 of the Code of 1887:

"If any person commit adultery or fornication, he shall be fined not less than twenty dollars. And if he commit adultery or fornication with any person, whom he is forbidden by sections 2224 or 2225 to marry, he shall be confined in jail not exceeding six months, or fined not exceeding five hundred dollars, in the discretion of the jury."

By section 7, chapter 7, page 302, Acts of Assembly, 1877-78, however, the penalty for lewd and lascivious cohabitation was a fine of not less than fifty dollars nor more than five hundred dollars for the first offense, with a larger penalty for a second offense. This section, in the identical language, became section 3787 of the Code of 1887.

The revisors of the Code of 1919 rewrote section 3786. It became section 4543 of the Code of 1919, and, as amended, read as follows:

"If any person .commit adultery or fornication, he shall be fined not less than twenty dollars. And if he commit adultery or fornication with any person, whom he is forbidden by law to marry, he shall be deemed guilty of a misdemeanor."

Section 3787 of Code of 1887 became, without substantial change, section 4545 in Code of 1919 and Code of 1942, (Michie). It is now section 18-84, Code of 1950.

It will be noted that all through the years, and notwithstanding the amendments to the statutes and revisions of the Code, a clear distinction was made between simple adultery and adultery accompanied with other circumstances which, of themselves, constituted either a misdemeanor or an aggravated moral offense. The punishment was fixed according to the grade of the offense.

Acts of 1938, page 27, further amended section 4543 of Code of 1919, by the addition of the following provision:

"* * * provided however that if he commit adultery or fornication with his daughter or his granddaughter, he shall be confined in the penitentiary not less than one nor more than ten years or in the discretion of the court or jury trying the case, confined in jail not exceeding twelve months and by fine not exceeding five hundred dollars, either or both." (Section 4543 of Code of 1942, (Michie), subsequently section 18-82 of the Code of 1950.)

Thus, there was added another grade of the offense for which a greater maximum punishment was provided. The distinction we have noted was continuous. Under the foregoing sections, a fine, and only a fine, could be imposed for simple adultery.

However, there are other statutes relating to the punishment of misdemeanors.

By section 3902, Code of 1887, it was provided:

"A misdemeanor for which no punishment is prescribed by statute shall be punished by a fine or confinement in jail, or, in the discretion of the jury, by both."

In the revision of the Code of 1919, section 3902 was amended, and thereafter became section 4782 of the Code of 1919. In a note to that section the revisors expressed the opinion that jail sentences of more than one year should not be permitted. Accordingly, section 4782, as amended, reads as follows:

"A misdemeanor for which no punishment or no maximum punishment is prescribed by statute shall be punished by a fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months or both, in the discretion of the jury or of the justice, or of the court trying the case without a jury."

In the revision of the Code of 1950, section 4782 was amended by the addition of the word "trial" before the word "justice", and now appears as section 19-265 of the Code of 1950.

All offenses which are not felonies are misdemeanors. Section 18-1 of the Code of 1950; section 4758 of the Codes of 1919 and 1942, (Michie) ; section 3879 of Code of 1887, Acts 1877-78, chapter 10, section 1, page 312.

Until the Code of 1919, simple adultery was punishable only by a fine not less than twenty dollars. Section 3902 of Code of 1887 applied only to those misdemeanors for which no punishment was prescribed by statute.

In the adoption of section 4782 of the Code of 1919, no cognizance was taken of misdemeanors for which a fine only was prescribed. The newer section enlarged the scope of the former section to include misdemeanors for which no maximum punishment was prescribed, and fixed the maximum punishment for the misdemeanors to which it applied. The first sentence of section 3786 of the Code of 1887 was not changed. Nor was any change of that section made by the amendment of 1938, (Acts of 1938, page 27). Simple adultery remained an offense for which only a fine could be imposed; while adultery under specified circumstances was designated a misdemeanor, and made punishable by fine and imprisonment, either or both.

It is clear from the revisors' note to section 4782 of the Code of 1919, that the new provision was for the purpose of limiting jail sentences in misdemeanor cases to a maximum of twelve months. To effect that purpose, it was necessary to refer to misdemeanors where no maximum punishment was prescribed

by statute. Nowhere in the statutes or in the Code revisions is there disclosed any intention to authorize the imposition of a jail sentence where no such punishment had been previously prescribed, or to increase the penalty where a fine alone was authorized.

In *Anderson* v. *Commonwealth,* 182 Va. 560, 566, 29 S. E. (2d) 838, Mr. Justice Gregory aptly said:

"A penal statute cannot be extended by implication, or be made to embrace cases which are not within its letter and spirit."

Where a criminal statute may be construed as imposing a larger or smaller punishment, the court will construe it as applying to the smaller, thus applying the well recognized principle that a penal statute must be construed strictly in favor of the accused. *Young* v. *Commonwealth,* 155 Va. 1152, 1155, 156 S. E. 565.

"Words of a penal law will not be extended by implication to the prejudice of the accused, and all reasonable doubt must be resolved in his favor." *Boyles* v. *Roanoke,* 179 Va. 484, 488, 19 S. E. (2d) 662.

See Vol. 9, Digest of Va. & W. Va. Reports, (Michie), Statutes, section 82, *et seq.,* page 57, and numerous cases cited.

There is a conflict between the letter and spirit of sections 18-82 and 19-265 of the Code of 1950. Read separately the language of each is clear and there is no need for interpretation. Under 18-82, only a fine can be imposed for simple adultery, and that fine must be not less than twenty dollars. Under 19-265 there may be imposed a fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months, or both. Thus, the fine may be less than twenty dollars, despite the provision of section 18-82, which prescribes a minimum fine of twenty dollars. The two statutes, however, must be read together. The general statute, 19-265, does not apply to simple adultery unless that offense is a misdemeanor, and it is made a misdemeanor only by virtue of section 18-82.

[3] If it had been intended to place simple adultery in the same classification as adultery accompanied by graver circumstances, section 18-82 could have been readily amended to that effect. The failure to amend, the distinction preserved between the grades of adultery, and the purpose of the revisors of the Code of 1919, hereinbefore mentioned, we believe, justify our conclusion that it was not intended that the provisions of section

19-265 should repeal the provision of section 18-82, which prescribes only a fine upon conviction of simple adultery.

The provisions of section 19-265 should be construed strictly, and in that sense which harmonizes with the whole subject and promotes the policy and object of the legislature. It cannot be extended by implication or construction to make it applicable as authority to impose a jail sentence upon conviction of simple adultery, in violation of the provisions of section 18-82.

Section 18-82 does not prescribe a maximum fine for simple adultery, but section 19-265 does for misdemeanors where none has otherwise been provided. Simple adultery is a misdemeanor, and, therefore, is punishable by a fine not greater than the maximum prescribed for a misdemeanor. In this respect the two sections are not in conflict.

For the foregoing reasons the judgment of the trial court is reversed and the case remanded for a new trial, in accordance with the views expressed.

*Reversed and remanded.*