STATE *ex rel.* GEORGE K. VASCOVICH

*v.*

OREL J. SKEEN, *Warden, Etc.*

(No. 10583)

Submitted May 19, 1953. Decided June 9, 1953.

418

*Fred Caplan,* for petitioner.

*John G. Fox,* Attorney General, *Arden J. Curry,* and *T. D. Kauffelt,* Assistant Attorneys General, for defendant.

RILEY, JUDGE:

Petitioner, George K. Vascovich, invoked the original jurisdiction of this Court by filing his petition, praying for a writ of *habeas corpus ad subjiciendum.* This Court granted the writ prayed for on May 4, 1953, returnable

on May 19, 1953, on which latter date the petitioner was brought before the Court, and the defendant Warden appeared by the Attorney General and filed his demurrer to the petition. The Court, having heretofore appointed counsel to represent the petitioner, the case was argued by petitioner's counsel and the Attorney General orally and on briefs.

At the November, 1949, term of the Criminal Court of Harrison County, the petitioner was indicted under Section 12, Article 2, Chapter 28, Acts of the Legislature, 1939, amending and reenacting Code, 61-2-12, for the offense of attempted robbery. At that term of the criminal court petitioner entered a plea of guilty and was sentenced to life imprisonment in the penitentiary.

Code, 61-2-12, as amended, reads:

> "If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five years.

> "If any person (a) by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of, any bank, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten nor more than twenty years; and if any person (b), in committing, or in attempting to commit, any offense defined in the preceding clause (a) of this

paragraph, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten nor more than twenty-five years."

The pertinent parts of the indictment to which the defendant pleaded guilty, and under which he was sentenced to life imprisonment, charge that the petitioner "on the _____ day of July, 1949, in the said County of Harrison, in and upon one Lillian Pearl Hudkins an assault did feloniously make and her, the said Lillian Pearl Hudkins, did then and there feloniously put in bodily fear, and certain bullion, money, bank notes, bank bills and silver coins, lawful currency and current money of the United States of America, * * * said money and property not belonging to nor in the care, custody, control and possession of any bank, then and there feloniously and violently did attempt to steal, take and carry away; * * *."

Though the writ of habeas corpus lies to effect release from imprisonment of an accused who is confined by reason of a conviction under a void indictment *(Scott v. Harshbarger, Sheriff,* 116 W. Va. 300, 180 S. E. 187), the writ may not be substituted for a writ of error, and may not be used to obtain a release from confinement, unless the sentence of imprisonment under which a person is confined is void in whole or in part. *Dye v. Skeen,* 135 W. Va. 90, 62 S. E. 2d 681; *State ex rel. Nutter v. Mace,* 130 W. Va. 676, 44 S. E. 2d 851; *Ex parte Farmer,* 123 W. Va. 304, 14 S. E. 2d 910.

Only two issues are involved herein, both of which relate to the jurisdiction of the Criminal Court of Harrison County: (1) Is the indictment under which petitioner was sentenced sufficient to sustain the conviction; and (2) is Section 12, Article 2, Chapter 28, Acts of the Legislature, 1939, amending and reenacting Code, 61-2-12, unconstitutional as violative of Article III, Section 5, West Virginia Constitution, which provides: "Penal-

ties shall be proportioned to the character and degree of the offense".

Both the Attorney General and counsel for the petitioner in their oral arguments and briefs have proceeded on the theory that the instant indictment charged petitioner with unarmed robbery. It is stated in the brief filed by petitioner's counsel that the offense attempted to be described in the indictment is attempted robbery of a character not described in the first sentence of Code, 61-2-12, as amended. It is asserted that the indictment does not charge an attempt to commit robbery "by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever."; but that if the indictment charged a crime at all, it was an attempt to commit a robbery "in any other mode or by any other means", as set out in the second sentence of the statute.

We think, however, that if the indictment effectively charged a crime, it was that described in the first sentence of the statute. We say this, because the indictment charges that petitioner "in and upon one Lillian Pearl Hudkins an assault did feloniously make and her, the said Lillian Pearl Hudkins, did then and there feloniously put in bodily fear, and * * * then and there feloniously and violently did attempt to steal, take and carry away [certain bullion, money, bank notes, bills and silver coins, lawful currency and current money of the United States of America, not the property of any bank]". So the indictment charges that the petitioner made a felonious assault in an attempt to steal, take and carry away property in the custody of the person assaulted. Thus, the indictment, in our opinion, satisfies the wording of the first sentence of the statute, that is, "by striking or beating, or by other violence to the person, * * *."

The indictment, therefore, if it effectively charged an attempt to commit robbery, it was the attempt described in the first sentence of the statute. This holding, how-

ever, does not enter into the decision of this case, as the petitioner was sentenced to life imprisonment and the question whether the minimum sentence should be ten years or five years is immaterial.

The indictment under consideration satisfies the provisions of Code, 61-2-12, as amended, for the indictment charges that the petitioner attempted by a felonious assault to steal, take and carry away from the person of another property not belonging to him, which is just another way of saying that petitioner used violence in an attempt to commit robbery. True, the indictment is not in the exact words of the statute, and the word "robbery" does not appear in the indictment; but the indictment does not, as counsel for petitioner asserts, charge two crimes, an assault and an attempt to commit robbery, for the indictment, though crudely drawn, charges that petitioner committed a felonious assault in an attempt to commit robbery. In this case the attempt to commit robbery being embraced in the very statute dealing with the crime of robbery, the attempt, unlike those the penalties for which are prescribed by Code, 61-11-8, is a crime in itself.

Whether Code, 61-2-12, as amended, is unconstitutional as violative of the provision of Article III, Section 5, West Virginia Constitution, which reads: "Penalties shall be proportioned to the character and degree of the offense.", may be disposed of with little comment.

In the first place it does not appear from this record that the unconstitutionality of the statute was raised by pleadings in the trial court, and, not having been so raised, it cannot be raised in this Court for the first time. *State ex rel. Motor Finance Corp.* v. *Jackson,* 95 W. Va. 365, 121 S. E. 162; but we shall consider the question since it has been raised by counsel for petitioner.

Counsel for petitioner asserts that Code, 61-2-12, as amended, is unconstitutional as violative of the provision of Section 5, Article III, West Virginia Constitu-

tion, which provides that: "Penalties shall be proportioned to the character and degree of the offense", in that the penalties prescribed for robbery or attempted robbery in the first and second sentences of the first paragraph of Code, 61-2-12, respectively, a penalty of not less than ten years and a penalty of not less than five years, are not proportioned to the character and degree of the offense, in comparison with the following penalties: (1) The penalty for attempt to commit murder, not being prescribed in Code, 61-2-2, providing for the penalty of death for murder of the first degree, is, under Code, 61-11-8, confinement in the penitentiary for not less than one year, nor more than five years; (2) under clause (a), contained in the second paragraph of Code, 61-2-12, the penalty for felonious robbery or attempt to commit robbery by the taking of property belonging to, or in the care, custody, control, management or possession of any bank, is confinement in the penitentiary for not less than ten nor more than twenty years, and under clause (b) of the second paragraph of Section 12, the penalty for the felonious taking of personal property belonging to, or in the care, custody, control, management or possession of any bank, by assault or the use of a dangerous weapon or device, is confinement in the penitentiary for not less than ten nor more than twenty-five years.

By the foregoing comparison, it is contended that the maximum penalties of confinement in the penitentiary for life, prescribed in the first paragraph of Code, 61-2-12, are not "proportioned to the character and degree of the offense." With this position we do not agree.

The question we have before us is whether the penalty set forth in the first paragraph of Code, 61-2-12, as amended, of confinement in the penitentiary for not less than ten years is "proportioned to the character and degree of the offense", and not whether the penalties for other crimes prescribed in other statutes, and in the second paragraph of Code, 61-2-12, as amended, are pro-

portioned to the respective offenses for which the penalties are prescribed.

As under the first paragraph of Section 12, the trial court has the discretion to impose a minimum sentence, or a sentence of conviction for life in the penitentiary, the provisions of that paragraph are not unconstitutional. *In Franklin and Ponto* v. *Brown, Warden,* 73 W. Va. 727, 81 S. E. 405, this Court held in point 1 of the syllabus: "Section 12, chapter 144, Code 1913, serial section 5163, prescribing penalties for robbery [Section 12, Article 2, Chapter 28, Acts of the Legislature, 1939, amending and reenacting Code, 61-2-12], is not void, as contravening section 5, article 3, of the Constitution, providing against 'cruel and unusual punishment', and that 'Penalties shall be proportioned to the character and degree of the offence.' ". In that case at page 730 of the opinion, this Court, speaking through Judge Miller, said: "* * * However, as the statute prescribes only minimum penalties for both forms, leaving it to the court to say what the punishment shall be, we cannot say, in view of the law and facts presented, that the judgment is violative of the Constitution and void. If we have any power to review or revise such judgment it is by writ of error, not upon habeas corpus."

For the foregoing reasons we are of opinion that the instant indictment is not void, and that Code, 61-2-12, as amended, is constitutional. The Criminal Court of Harrison County having, in our opinion, jurisdiction to try and sentence the petitioner, the writ of habeas corpus awarded is discharged.

*Writ discharged.*