STATE *ex rel.* ROBERT KEITH CAMPBELL

*v.*

GEORGE W. WOOD, *Judge,* INTERMEDIATE COURT OF KANAWHA COUNTY, WEST VIRGINIA, *et al.*

(No. 12670)

Submitted June 13, 1967.     Decided July 11, 1967.

*Arthur T. Ciccarello,* for relator.

*Robert N. Bland,* Assistant Prosecuting Attorney, Kanawha County, Charleston, for respondents.

BROWNING, JUDGE:

In this original proceeding, petitioner, Robert Keith Campbell, seeks to prohibit the respondents, the Honorable George W. Wood, Judge of the Intermediate Court of Kanawha County and Charles M. Walker, Prosecuting Attorney of Kanawha County, from trying petitioner in the Intermediate Court of Kanawha County upon an indictment charging petitioner with the offense of murder.

The facts are undisputed. The petition alleges, and the answer admits, that petitioner was indicted by the grand jury attending the June, 1966, term of the Intermediate Court of Kanawha County for the offense of the murder of one Allen B. Crookshank and, although the trial court found as a matter of fact that petitioner was only thirteen years of age at the time of the commission of the alleged offense and is presently fourteen years of age, a motion to transfer the case to the Juvenile Court of Kanawha County on that ground was overruled and the case set for trial in the Intermediate Court of Kanawha County.

Chapter 49 of the Code, as amended, was originally enacted in 1936 for the purpose of providing ". . . a comprehensive system of child welfare throughout the state. . . ." Among other provisions it established juvenile courts to treat with neglected and delinquent children and provided a method by which such children may be brought before a court having juvenile jurisdiction. Code, 49-1-4(2), as amended, defines a "delinquent child" as ". . . a person under the age of eighteen years who commits an act . . . which if

committed by an adult would be a crime *not* punishable by death or life imprisonment." (Italics supplied.) Code, 49-5-3, as amended, provides, in part, as follows: "Except as to a violation of law which if committed by an adult would be a capital offense, the juvenile court shall have exclusive jurisdiction to hear and determine criminal charges. . . against a person who is under eighteen years of age at the time of the alleged offense." The legislature, by Chapter 40, Acts of the Legislature, Regular Session, 1965, now Code, 61-11-2, as amended, provided: "Capital punishment is hereby abolished for all offenses against the laws of the State of West Virginia and no person heretofore or hereafter convicted of any offense in violation of said laws shall be executed, irrespective of whether the crime was committed, the conviction had, or the sentence imposed, before or after the enactment of this section."

Petitioner contends that, inasmuch as the death penalty has been abolished, there is no longer any capital offense in this state and thus no exception under Code, 49-5-3, as amended, to the vesting of exclusive jurisdiction of persons under eighteen years of age charged with criminal offenses in the juvenile court of the county. The state, on the other hand, contends that petitioner is not a "delinquent child" as defined by Code, 49-1-4(2), as amended, and the juvenile court therefore has no jurisdiction but jurisdition lies in the Intermediate Court of Kanawha County under constitutional and statutory provisions not necessary to refer to here.

The precise question presented herein has not heretofore been passed upon by this Court. In *State ex rel. Hinkle v. Skeen,* 138 W. Va. 116, 75 S. E. 2d 233, Hinkle applied to this Court for a writ of habeas corpus. The petition alleged that the petitioner was but fifteen years of age at the time he was indicted for the crime of murder in the Circuit Court of Nicholas County. He entered a plea of guilty to second

degree murder which was accepted by the court and in the habeas corpus proceeding he contended that his subsequent sentence on said plea was void inasmuch as the court, by accepting a plea of guilty to second degree murder, a "non-capital offense", had lost jurisdiction by virtue of the provisions of Code, 49-5-3, as amended. This Court refused the writ on the ground that the circuit court having once acquired jurisdiction by virtue of the express exception contained in Code, 49-5-3, as amended, did not lose its jurisdiction by accepting a plea to a lesser crime embraced within the indictment. It will be noted that the Court in that case posed the question of the constitutionality of Code, 49-5-3, as amended, in view of Article VIII, Section 12 of the West Virginia Constitution which vests in the circuit courts "original and general jurisdiction. . . of all crimes and misdemeanors" but did not decide the same under the circumstances present. The *Hinkle* case was followed in *Wade v. Skeen,* 140 W. Va. 565, 85 S. E. 2d 845 and in *Smith v. Winters,* 146 W. Va. 1018, 124 S. E. 2d 240.

In *State ex rel. Slatton v. Boles,* 147 W. Va. 674, 103 S. E. 2d 192, the constitutional question was squarely presented. In that case Slatton was not yet sixteen years of age when he committed the crime of breaking and entering. He was originally treated as a juvenile, found guilty of delinquency and assigned to a forestry camp for a period of two years. He was returned from the forestry camp as incorrigible, indicted for the identical offense, entered a plea of guilty thereto and was sentenced to confinement in the state penitentiary. In holding his imprisonment in the penitentiary void this Court stated that in view of the legislative power to create and define crimes: ". . . The Legislature has decreed that a juvenile below the age of sixteen years shall be deemed incapable of the commission of a crime, other than a capital offense, nor shall he be punished therefor as a criminal. Except for a capital offense, it has removed persons of such age group from the province

of the criminal laws of this state." The *Slatton* opinion noted with approval Point 3 of the syllabus of *State ex rel. Hinkle v. Skeen,* 138 W. Va. 116, 75 S. E. 2d 223, which is as follows: "The exclusive jurisdiction granted to juvenile courts by Code, 49-5-3, as amended, dealing with treatment of persons under eighteen years of age, charged with having committed criminal offenses, relates only to trials of such persons as to charges of juvenile delinquency, not to trials and punishment for criminal offenses." and stated, "So, although the statute refers to criminal charges, the actual jurisdiction of the court relates to juvenile delinquency." The Court thus negatived any conflict between Chapter 49, Article 5 of the Code and Article VIII, Section 12 of the constitution.

The term "capital offense" has long been defined as one which may be, but not necessarily must be, punished by death. In *State v. Pett,* 253 Minn. 429, 92 N. W. 2d 205, the Minnesota Constitution, Article 1, Section 7, M.S.A., provided that ". . . All persons shall before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great; . . . ." Capital punishment was abolished in that state and the petitioner, charged with first degree murder, applied to the Supreme Court of Minnesota for admission to bail. In admitting the petitioner to bail the Court stated: "Where words used in our constitution have a clear and well-defined meaning, there is no room for construction. Neither the courts nor the legislature have a right to substitute for words used in the constitution having a well-defined meaning other words having different meaning. . . . The right to amend the constitution rests with the people, and, if, constitutionally, bail is to be withheld in cases other than capital offenses at the discretion of the trial court, that change must be brought about by an amendment of the constitution. As the constitution now reads, all crimes are bailable." See also, *In re Perry,* 19 Wis. 676; *In re Ball,* 106 Kansas 536, 188 P. 424, 8 A.L.R. 1348;

*City of Sioux Falls v. Marshall,* 48 S. D. 378, 204 N. W. 999, 45 A.L.R. 477. We find no fault with this ruling of the Minnesota Court and the other courts cited but the question presented herein and the questions in those cases are not identical. Those cases dealt with constitutional provisions containing a well defined and well understood term and, apparently, which was not in conflict with any other constitutional provision. In the case before us we are concerned with two statutory provisions both of which were enacted at the First Extraordinary Session of the Legislature in 1936. The statutes are thus in pari materia and should be read and construed together in order to ascertain the intention of the legislature. *State ex rel. Slatton v. Boles,* 147 W. Va. 674, 130 S. E. 2d 192; *State ex rel. Graney v. Sims,* 144 W. Va. 72, 105 S. E. 2d 886; *State v. Hoult,* 113 W. Va. 587, 167 S. E. 241.

Delinquency, as defined by the legislature in Code, 49-1-4, as amended, means a crime *not* punishable either by death or life imprisonment. In order to reconcile this definition with the use of the term "capital offense" in Code, 49-5-3, as amended, it must follow that the legislature intended it to have a broader meaning than that accorded to it at common law and to encompass all crimes, the punishment for which if committed by an adult would be either death or life imprisonment. The petitioner in the instant case is charged with murder, which, since the abolition of the death penalty, is a crime punishable by life imprisonment if committed by an adult and thus falls within the exception of Code, 49-5-3, as amended.

We therefore hold that the Intermediate Court of Kanawha County has jurisdiction of the offense and of the person of the petitioner and the writ of prohibition sought herein will be denied.

*Writ denied.*