CARL EUGENE LYCANS

*v.*

DONALD E. BORDENKIRCHER, *Warden, West Virginia*

*Penitentiary*

(No. 13552)

Decided November 18, 1975.

138

*Hostler, Logsdon & Shinaberry, Sterl F. Shinaberry* for appellant.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, for appellee.

CAPLAN, JUSTICE:

This is an appeal from a final order of the Circuit Court of Kanawha County entered in a habeas corpus proceeding instituted in that court. Therein, the petitioner, Carl Eugene Lycans, the appellant here, sought a discharge from confinement upon sentence imposed on July 23, 1970 by the Intermediate Court of Kanawha County after his plea of guilty to the offense of "unarmed" robbery. Thereupon, the appellant was sentenced to a term of five to eighteen years in the state penitentiary which term he is presently serving.

The appellant, Carl Eugene Lycans, sometimes herein referred to as defendant, was arrested on a warrant for armed robbery, said warrant having been issued on June 4, 1969, at which time he was sixteen years of age. Pursuant to the warrant for his arrest, the appellant was returned from the State of Florida and, on June 24, 1969, appeared before a justice of the peace. Relative thereto the docket of the justice of the peace reveals: "The defendant waived to Grand Jury. Committed to Kanawha County Jail for Grand Jury Action. (Bond to be set by Prosecuting Attorney's office.)." This notation was contained in the office of the justice of the peace on a record designated "Transcript of Docket—Criminal."

Subsequently, two indictments were returned by the grand jury against this appellant, the first charging him, along with others, with the armed robbery of one Charles Watson. The second indictment charged Carl Eugene Lycans alone with the armed robbery of one Raymond Sigman. These indictments were returned at the

September, 1969 Term of the Intermediate Court of Kanawha County. As reflected by an order of the Intermediate Court of Kanawha County, dated July 23, 1970, the appellant, on June 17, 1970, "entered both a written and an oral plea of guilty to the charge of unarmed robbery, a lesser provable offense as contained in said indictment." The second indictment alluded to above was nolled upon a motion of the state. It was upon the conviction pursuant to the guilty plea that the appellant was sentenced as noted above. That order further reveals that the appellant was assisted by counsel at the time said plea was entered.

In his attack upon the conviction and sentence in the habeas corpus proceeding in the circuit court the appellant asserted two principal grounds: (1) He was denied due process of law by virtue of the fact that he was not represented by counsel at the preliminary hearing; and, (2) neither the justice of the peace nor the intermediate court had jurisdiction to hold or try him since he was under the age of 18 years when arrested and was not transferred to the juvenile court as required by *W. Va. Code* 1931, 49-5-3, as amended. Ruling against him on both assertions, the circuit court denied the writ of habeas corpus and remanded the appellant to the custody of the warden of the penitentiary. On this appeal the appellant complains that the court erred in denying relief on the aforesaid grounds and seeks a reversal of its ruling.

Of first consideration on this appeal is the appellant's contention that he was denied due process of law by not having been represented by counsel at the preliminary hearing before the justice of the peace. In this case the record reveals that although counsel was appointed on the day of the appellant's arrest and appearance before the justice of the peace, counsel was not notified thereof until a day following appellant's waiver of the preliminary hearing. It follows therefore, that if there was in fact a preliminary hearing the defendant was not represented by counsel at that stage of the proceedings.

The only account of the proceeding before the justice of the peace in the instant case is the transcript of the justice's docket. It is therein noted that the appellant waived his right to a preliminary examination, thereby indicating that he would take his chance with the grand jury. As a practical matter there is rarely a transcript of the exact happenings in such a proceeding before a justice of the peace. From the docket, however, it appears clear that the defendant was informed of his right to a preliminary hearing if he desired it. He waived it and there was no preliminary hearing.

In *Coleman v. Alabama*, 399 U.S. 1, (1970), it was held that a preliminary hearing is not a constitutionally mandated proceeding. *See, Spaulding v. Warden, W. Va. Penitentiary*, W. Va., 212 S.E.2d 619 (1975); *Adams v. State of Illinois*, 405 U.S. 278, (1972). *W. Va. Code* 1931, 62-1-8, as amended, provides that "the preliminary examination shall be conducted by a justice * * * unless the defendant waives examination." As heretofore noted, the defendant waived preliminary examination.

Since such examination is not required under either the state or federal constitution, the failure to furnish counsel in the circumstances of this case does not give rise to a constitutional consideration, unless a different conclusion is required by the fact that this defendant was a juvenile under 18 years of age.

Under *W. Va. Code*, 1931, 49-1-4(2), as amended, a delinquent child means "a person under the age of eighteen years who: (2) Commits an act which if committed by an adult would be a crime *not punishable* by death or life imprisonment." (Emphasis supplied.) This appellant was charged by warrant and indictment with the offense of armed robbery. If that offense is punishable by life imprisonment, the defendant, under existing law, need not be charged with child delinquency but could be charged with a crime.

We are of the opinion that by reason of the character and gravity of the offense with which the defendant was

charged, the crime of armed robbery rather than child delinquency, he was subject to prosecution as an adult, and, as an adult, could waive a preliminary hearing. Succinctly stated, the defendant, by reason of the character of the offense, as hereinafter discussed, was not a juvenile under the law and could constitutionally waive preliminary examination without the assistance of counsel as could an adult.

This brings us to the second ground assigned by the appellant. He contends that by reason of his juvenile status, being under 18 years of age, the justice of the peace and the intermediate court did not have lawful jurisdiction over him. In support thereof he cites *W. Va. Code*, 1931, 49-5-3, as amended, which in 1969, provided:

> Except as to a violation of law which if committed by an adult would be a capital offense, the juvenile court shall have exclusive jurisdiction to hear and determine criminal charges * * * against a person who is under eighteen years of age at the time of the alleged offense.

> If during the pendency of a criminal proceeding against a person in a court other than a juvenile court, it shall be ascertained, or it shall appear, that the person was under the age of eighteen years at the time of the alleged offense, the court, judge or magistrate shall immediately transfer the case with all the papers, documents, and testimony connected therewith to the juvenile court having jurisdiction.

An examination of the above quoted statute clearly reveals that the juvenile court shall have exclusive jurisdiction of a juvenile offender, "Except as to a violation of law which if committed by an adult would be a capital offense." Necessarily, thereunder, if a juvenile commits a capital offense he is no longer under the exclusive jurisdiction of the juvenile court but may be tried as an adult. The appellant in the instant case, in two separate indictments, was charged with two separate offenses of armed robbery. Does the commission of this crime constitute a capital offense? If so, the defend-

ant is subject to the jurisdiction of the justice of the peace and the circuit court and is subject to the same treatment afforded an adult.

As noted above, the definition of "delinquent child" excludes one who committed an offense punishable by death or life imprisonment. *W. Va. Code* 1931, 49-1-4(2), as amended. Similarly, *W. Va. Code* 1931, 49-5-3, as amended, excludes from the exclusive jurisdiction of the juvenile court one who is charged with the commission of a capital offense. Although a capital offense ordinarily connotes an offense punishable by death, such punishment is not a necessary element thereof. *See*, 21 Am. Jur. 2d *Criminal Law*, §18; *Black's Law Dictionary*, Fourth Ed., p. 263. *W. Va. Code* 1931, 61-11-2, as amended in 1965, abolished capital punishment in West Virginia. Upon the passage thereof, no person convicted of any offense could thereafter be punished by execution. Does this make ineffective the provision of *W. Va. Code* 1931, 49-5-3, as amended, relating to the exclusive jurisdiction of the juvenile court? We think not. Does not the character and gravity of the offense, if punishable by life imprisonment, still govern the forum for the trial of the violator, regardless of age? Reading the above cited statutes in *para materia*, we are impelled to answer in the affirmative.

In *State ex rel. Campbell v. Wood*, 151 W. Va. 807, 155 S.E.2d 893 (1967) it was said in Point 2 of the Syllabus:

> The term 'capital offense' as used in Code, 49-5-3, as amended, when read together with the legislative definition of 'delinquency' contained in Code, 49-1-4, as amended, means a crime which if committed by an adult is punishable by either death or life imprisonment and a person under the age of eighteen years who is charged with the offense of murder, a crime punishable by life imprisonment, is within the exception provided in Code, 49-5-3, as amended, and may be tried for such crime in any court having jurisdiction of such offense.

Furthermore, our Court has held that while the statutory penalty for armed robbery is imprisonment for a

term of not less than ten years, the imposition of a life sentence is legally permissible. *See, State ex rel. Vascovich v. Skeen,* 138 W. Va. 417, 76 S.E.2d 283 (1953); *State v. Newman,* 108 W. Va. 642, 152 S.E. 195 (1930); and *Franklin and Ponto v. Brown,* 73 W. Va. 727, 81 S.E. 405 (1914). *See also, State ex rel. Wright v. Boles,* 150 W. Va. 381, 146 S.E.2d 524 (1966).

The defendant, having been charged with a crime, the punishment for which could be life imprisonment, was not entitled, as a matter of law, to be treated as a juvenile and was not, therefore, deprived of any constitutional right by not having had an attorney when he waived preliminary examination; neither was he, as a matter of law, entitled to be transferred to the juvenile court.

In view of the foregoing, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*

HADEN, CHIEF JUSTICE, *dissenting:*

I respectfully dissent for two reasons: (1) robbery by force is not a capital offense; and (2) assuming *arguendo* that robbery by force is a capital offense, the circuit court lost jurisdiction of the person and subject matter when the criminal charge was subsequently reduced.

## I

The principal holding of this case is premised upon the assumption that robbery by force, as *W. Va. Code* 1931, 61-2-12, as amended, describes the offense, or "armed robbery," as the crime was and is known at common law, is a capital offense. This is so because a long line of West Virginia decisions have recognized or held that a sentencing court is permitted to impose a maximum sentence of life imprisonment upon one who is convicted of the crime. *See for example, State ex rel. Vascovich v. Skeen,* 138 W. Va. 417, 424, 76 S.E.2d 283, 287 (1953), *cert. den.,* 346 U.S. 916, 74 S.Ct. 277, 98 L.Ed. 411 (1953) and the several decisions relied upon by the majority. The

federal courts, likewise, have recognized and acceded to this interpretation of the West Virginia statute. See *Young v. Boles*, 343 F.2d 136 (4th Cir. 1965); *Page v. Coiner*, 283 F. Supp. 500 (N.D. W. Va. 1968); *Young v. Boles*, 270 F. Supp. 847 (N.D. W. Va. 1967).

In the several decisions of this Court which address the point, however obliquely, it is recognized that the statute prescribes no maximum penalty for "armed robbery," although explicitly providing a minimum definite term of "not less than ten years." *See, State ex rel. Wright v. Boles*, 150 W. Va. 381, 146 S.E.2d 524 (1966). Departing from the expressed language, prescribing the minimum term, to the implied, regarding the maximum, this Court has inferred that the Legislature, by prescribing no maximum term, intended and authorized courts to exercise discretion and to impose a sentence of life imprisonment in the proper case. *See, State v. Newman*, 108 W. Va. 642, 152 S.E. 195 (1930).

Only one decision of this Court implies that "armed robbery" is a capital offense. In *Franklin and Ponto v. Brown*, 73 W. Va. 727, 81 S.E. 405 (1914), the Court observed as follows:

> "Robbery, from the earliest times, has always been regarded a crime of the gravest character. At common law the punishment for robbery was death, with or without benefit of clergy, according to varying statutes. 4 Sharswood's Blackstone, 243. Now by statute the punishment for robbery in England is penal servitude for life. 9 Laws of England, (Earl of Halsbury) 664, section 1333. While the punishment inflicted on petitioners in this case is the same as prescribed in the English statute, the extreme limit under our statute, our law allows a lesser punishment and down to the minimum punishment prescribed." *Id.* at 729-30 of the West Virginia Report.

No decision of this Court, until now in the instant appeal, has held that "armed robbery" should be treated as a capital offense. I do not think that the majority's interpretation of the statute is constitutionally permissi-

ble nor is it justifiable under accepted rules of statutory construction.

*W. Va. Code* 1931, 61-2-12, as amended, does not define robbery, but it does prescribe the punishment for four methods of robbery and of attempts to commit robbery. *State ex rel. Vandal v. Adams,* 145 W. Va. 566, 115 S.E.2d 489 (1960); *Franklin and Ponto v. Brown, supra; State v. McCoy,* 63 W. Va. 69, 59 S.E. 758 (1907). First, the statute prescribes the penalty for "armed robbery" for a definite term of not less than ten years; second "unarmed robbery" or robbery accomplished by other means is punishable by sentence of "not less than five nor more than eighteen years"; third "bank robbery" accomplished by force, *etc., but without the use of a dangerous weapon or device,* is punishable by a sentence of "not less than ten nor more than twenty years"; and fourth, "bank robbery" accomplished by the use of a dangerous weapon or device is punishable by a sentence of "not less than ten nor more than twenty-five years." *Id.*

The foregoing statute is very specific in prescribing punishments which provide for definite terms for different methods of committing the common-law offense. As early as 1849, it has been the law of the Virginias that "[a] common-law offense for which punishment is prescribed by statute shall be punished only in the mode so prescribed." *W. Va. Code* 1931, 61-11-3. This statute of ancient origin should govern the application of the precisely delineated punishments prescribed in *Code* 61-2-12, *supra.* Where the Legislature has stated a policy in explicit terms, it seems a violation of *W. Va. Const.,* Art. V, § 1 occurs when the Judiciary fashions a penalty for a crime in a manner different and more onerous than that prescribed by the statutes. Likewise, the accepted rule of statutory construction should apply in this instance. "Penal statutes are construed strictly against the state and favorably to the liberty of the citizen." 17 M.J. *Statutes* §67 (1951); *Accord: State ex rel. Carson v. Wood,* 154 W. Va. 397, 175 S.E.2d 482 (1970); *Waller v. Commonwealth,* 192 Va. 83, 63 S.E.2d 713 (1951).

Apparently, the Judiciary continues to regard first degree murder, forcible rape, kidnapping and armed robbery,—four heinous offenses, on an absolute parity as regards extent of punishment. I am not in general disagreement with that policy. The Legislature, however, has chosen a different policy, which I believe, governs the sentence which courts may impose. With the abolition of the death penalty in 1965, the Legislature amended and reenacted the statutes prescribing punishment for murder, kidnapping and rape and expressly retained life imprisonment as the ultimate penalty for these respective crimes. See *W. Va. Code* 1931, 61-2-2, 14a and 15, as respectively amended. As previously noted, however, the robbery punishment statute did not and does not explicitly prescribe life imprisonment as a penalty. Although the offense of armed robbery may have carried the death penalty at common law, *Franklin and Ponto v. Brown, supra,* the Legislature has never regarded this crime as a capital offense in West Virginia. Accordingly, it seems both an anachronism and a clearly erroneous interpretation for the Court to so characterize it in 1975.

Finally, it is incongruous and regressive to imply that a juvenile is subject to the concurrent jurisdiction of a criminal court on the bare implication that "armed robbery" is or was a capital offense at common law. This curious result could be the cause of incarceration of a juvenile for life in an adult offender facility. This result, whether inadvertent or intentional, does not square with the State's responsibilities, as *paren patriae*, to infants. In almost all other aspects of this relationship, this Court and the Legislature have been zealous, benevolent and progressive in extending, securing and protecting the special rights of infants.

## II

Although the appellant Lycans was initially charged with the crime of "armed robbery," he was tried and convicted, upon his guilty plea, for the crime of "unarmed robbery." When the State determined and the

court approved of Lycans' plea of guilty to a lesser charge, which was not even arguably a capital offense, *and where it was known that Lycans was at the time under the age of eighteen years*, the circuit court lost its concurrent jurisdiction of the subject matter and was required "immediately" to transfer the case to the juvenile court having exclusive jurisdiction of the cause. *See W. Va. Code* 1931, 49-5-3, as amended; but *cf., State ex rel. Hinkle v. Skeen*, 138 W. Va. 116, 75 S.E.2d 223 (1953).

The decision of *State ex rel. Campbell v. Wood*, 151 W. Va. 807, 155 S.E.2d 893 (1967) is inapposite to the facts of this appeal and its *Syllabus* point 2., quoted and adopted by the majority opinion, does not support the holding of the majority. The *Campbell* case holds that an infant accused who is charged with a capital offense "may be tried *for such crime* in any court having jurisdiction of such offense" (Emphasis supplied), *Syllabus* point 2., *id*. It does not hold that a circuit court, once having acquired concurrent jurisdiction of a juvenile charged with a capital offense, retains such jurisdiction when the juvenile is found guilty of a non-capital offense.

I am, therefore, of the opinion that Carl Lycans became entitled to be transferred to the juvenile court, as a matter of law, i.e. by the mandatory requirements of *W. Va. Code* 1931, 49-5-3, as amended.