# CHARLESTON.

J. J. CARLTON v. I. C. HERNDON, JUDGE.

Submitted October 23, 1917.   Decided October 30, 1917.

1. STATUTES—*Repeal—Pending Action—Jurisdiction of Circuit Court.*
   A circuit court in which an appeal from the judgment of a justice of the peace, rendered in a proceeding against a husband for non-support, under secs. 16c (1) and 16c (2) of ch. 144 of Barnes' Code, was pending, when chapter 51 of the Acts of 1917, relating to the same subject and greatly altering the law respecting it, both adjectively and substantively, came into effect, had jurisdiction and power to try the appeal and render judgment in the case, in accordance with the provisions of the repealed statute, by virtue of sec. 9 of ch. 13, Code, saving the right to punish for offenses committed under a repealed or expired law, before the repeal or expiration thereof.  (p. 220).

2. SAME—*Pending Action—Procedure.*
   The clause in said sec. 9, ch. 13, relating to the procedure in such cases, contemplates further procedure in cases pending, at the time of the repeal or expiration of the law under which the offense was committed, and, if for any reason, the procedure prescribed by the new law is impracticable or inapplicable, the proceeding may be completed in accordance with any existing law that is applicable.  (p. 221).

Prohibition by J. J. Carlton against I. C. Herndon, Judge, and others.

*Writ refused.*

*Sanders & Crockett,* for petitioner.

*French & Easley,* for respondent Laura Carlton.

POFFENBARGER, JUDGE:

The petitioner, a husband and parent, seeks a writ of prohibition to prevent the enforcement of a judgment rendered against him, in a non-support proceeding, by the Circuit Court of Mercer County, on an appeal from the judgment of a justice. He proceeds upon the theory of lack of power and jurisdiction in the court which rendered the judgment, to hear and determine the accusation of non-support made against him, because the statute under which the proceeding

was instituted was repealed before the judgment was rendered.

The proceeding was commenced before a justice of the peace, under the provisions of ch. 13, Acts of 1901, ch. 144, secs. 16c (1) and 16c (2), Barnes' Code, giving the remedy against husbands for non-support and vesting the jurisdiction of the cases arising under them, in justices of the peace. While an appeal from the finding and judgment of the justice, to the Circuit Court of Mercer County, taken by the defendant, was pending, and before the trial thereof, a new statute, ch. 51, Acts, 1917, came into effect, by which the procedure in such cases, as well as the penalty imposed for the offense of non-support, was greatly altered. Jurisdiction of cases arising under the new act was vested in the juvenile, criminal, intermediate and circuit courts. Nevertheless, the circuit court tried the case on the appeal, and a verdict of guilty having been returned by the jury, imposed the judgment and sentence authorized by the older statute, which were milder and less onerous than those authorized by the later one. It required the prisoner to execute a bond in the penalty of $300.00, to secure the payment of $40.00 per month for six months, for the support of the wife and children, and, in default of the execution and delivery thereof, to be committed to jail for a period of sixty days.

But for sec. 9 of ch. 13 of the Code, saving the right of the state to proceed against persons guilty of offenses committed under laws repealed after the commission thereof, the application for discharge on the writ of *habeas corpus* awarded the prisoner would no doubt be well founded. It declares the repeal or expiration of the law shall not affect the offense committed, nor the penalty or punishment imposed therefor, beyond variation of the procedure. The saving clause is not an exception of any offense, penalty or punishment from the operation of the act. None of them are to be affected by the repeal or expiration. They all survive. But there is an exception or variation as to the procedure. In other words, the repeal or expiration affects nothing but the procedure, and, as to that, the act provides that "The proceedings thereafter had shall conform, as far as practicable, to the laws in

force at the time such proceedings take place.'' The contention is that, on the repeal of the old law, the procedure already in progress had to stop and new procedure in the circuit court had to be commenced on the old law, but in new form under the new statute, if the accused was to be convicted. The penal part of the statute is clear. It maintains and keeps alive the old offense and penalty. Only the procedure is altered or made over, and it is not altered, except in those instances in which the new method is practicable. The act does not in terms say a proceeding pending, on the repeal of the law, shall be discontinued, nor that it shall go on in new form; but the fair, logical and grammatical import of the terms used, is that it shall be continued. It says the proceedings thereafter had shall conform, as far as practicable, to the new law of procedure. These terms are broad enough to include a pending proceeding as well as procedure commenced after the repeal. Proceedings thereafter had may be partial as well as complete, and, if it is impracticable, for any reason, such as progress of the case to an appellate stage, to adopt the new procedure, the plain intent and purpose of the act is that any existing procedure that is applicable may be followed. The reasons for adoption of this interpretation of a provision whose terms will bear it, are almost imperious. A dismissal of a pending proceeding would involve both delay and expense and, perhaps, hardship to the accused. If he is innocent and wants to vindicate his honor, as honest, self-respecting and innocent men do, he naturally wants to get to the trial, make his defense and get to the end of the prosecution. Why there should be a dismissal of a pending prosecution, when new ones are authorized, it is impossible to conceive. It would be a contradiction in purpose, a useless thing and an absurdity on its face. There is no possible reason for it and there are weighty and cogent reasons against it.

The part of the statute here involved is purely remedial and falls under the liberal rule of construction. Though the right to continue a pending prosecution is within the fair import of the terms of the statute, it need not be. A thing clearly within the spirit and purpose of such a statute,

though not within the letter thereof, is a part of it. *Hasson* v. *Chester*, 67 W. Va. 278, 282; *Layne* v. *Railway Co.*, 66 W. Va. 607; *State* v. *Harden*, 62 W. Va. 313; *French* v. *Bennett*, 69 W. Va. 653, 657. It suffices that the thing in question is found to be clearly within the intent and purpose of the legislature, in passing the act, by the application of the rules devised for ascertainment of such intent. One of them is that reason and common sense shall prevail over unreasonableness. Another is that the legislature is presumed to have intended everything necessary to the achievement of its clearly expressed purpose.

In our opinion, sec. 9 of ch. 13 of the Code, clearly authorized procedure by the circuit court on the appeal, notwithstanding the alteration of the non-support law, and the judgment rendered was within the power and jurisdiction of the court, wherefore the writ prayed for cannot be awarded.

*Writ refused.*