# CHARLESTON.

STATE v. DELBERT LUDWIG.

(No. 5623)

Submitted October 12, 1926.   Decided October 19, 1926.

NEW TRIAL—*Ordinarily Verdict Will Not be Set Aside for After Discovered Evidence, Which Was Known to and in Possession of Party Offering it, During Progress of Trial, in Which no Delay Was Asked to Secure Its Production.*

Ordinarily a verdict will not be set aside for after discovered evidence, where it appears that the evidence was known to, and in the possession of, the party offering it, during the progress of the trial, and that no delay was asked to secure its production.

(New Trial, 39 Cyc. p. 883.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Jackson County.

Bastardly proceedings of the State against Delbert Ludwig. Verdict for defendant was set aside, and a new trial awarded, and defendant brings error.

*Reversed; judgment entered.*

*Lewis H. Miller, Burton Crow* and *J. L. Wolfe* for plaintiff in error.

*W. F. Boggess,* Prosecuting Attorney and *T. J. Sayre* for the State.

WOODS, JUDGE:

Delbert Ludwig was tried in the circuit court of Jackson county, on the 12th day of August, 1925, on a bastardy

charge, and found not guilty. A motion was made on behalf of the State to set aside the verdict of the jury as contrary to the law and the evidence, and assigning the admission of certain evidence over objection as error. The motion was overruled, and an exception taken. A motion was then made to reconsider said motion for a new trial on the ground of after discovered evidence, and the same set down for argument on August 26, 1925. Leave was granted the State to file an affidavit setting forth her reasons for a new trial any time before said hearing, and a like time given defendant to file counter affidavits. August 26th passed, and the term of court later adjourned, without any appearance on behalf of the State, or the filing of said affidavit. During the next term, to-wit, November 28, 1925, the State appeared and tendered an affidavit of complainant, Ida Landis, together with two letters attached thereto as exhibits, as well as a number of unidentified letters, all of which the court permitted to be filed. Upon consideration of said affidavit and said exhibits, the court set aside the verdict and awarded a new trial, to which the defendant objected and excepted.

The defendant, on this writ of error, raises the following objections to the action of the circuit court: (1) The verdict of the jury became final with the ending of the August term and could not be disturbed thereafter; (2) the affidavit for a new trial on after discovered evidence was improperly filed and was not competent in any event; and (3) the court was not justified in setting aside the verdict as contrary to the law and the evidence.

It is a well established rule of law that a motion to set aside the verdict of a jury will be entertained any time before the adjournment of the term of court then in session, whether judgment had previously been entered or not, and if judgment was not entered thereon during said term, then at any time prior to the entering of said judgment. The announcement of the finding of the jury does not amount to an adjudication, but is simply a step in the procedure used in arriving at a final disposition of the case. In addi-

tion to the pleadings and the verdict, there must be a sentence of the law upon the result of the proceedings. *Pifer* v. *Commonwealth,* 14 Gratt. 710. This sentence becomes final at the end of the term at which it is declared. All the court did here, after denying a formal motion to set aside the verdict and award a new trial, was to entertain a motion to file affidavits and exhibits in support of a motion to set aside the verdict on the ground of after discovered evidence. The court had discretionary power to continue this motion from time to time, which power it exercised in this case, hence the first ground relied on by the defendant is without merit.

If the court was justified in its action in setting aside the verdict, it must be upon the ground of newly discovered evidence. A new trial will not be granted on the ground of such evidence unless it comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and procuring his evidence, and that the new evidence is such that due diligence would not have procured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and "cumulative evidence" is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And a new trial generally will be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side. *Phenix Fire Insurance Co.* v. *Virginia-Western Power Co.,* 81 W. Va. 298; *State* v. *Lemon,* 84 W. Va. 25; *Gibbard* v. *Evans,* 87 W. Va. 650; *Allen* v. *Commonwealth,* 114 Va. 826; *State* v. *Booker,* 68 W. Va. 8; *State* v. *Stowers,* 66 W. Va. 198. Making application of the foregoing legal principles to the case under consideration, what do we find? According to the evidence adduced on the trial, the date of the conception of the child in question was about June 24, 1924. The defendant admitted that he had kept company with the pros-

ecutrix at divers times prior to the last of April, 1924. However, he stated that he had not seen her from that time until the September following. The letters sought to be introduced as newly discovered testimony were letters from him to the prosecutrix, dated May 14th and May 28th, 1924, respectively. In the latter letter he speaks of having been "over there" to see her sometime previous. While this would in some measure contradict his statement on the witness stand, it would not fix his presence with prosecutrix at the time of conception the last of June. To accord to these letters the most potent effect would tend simply to contradict or impeach the defendant on an immaterial matter. Then, again, the letters were in the possession of the prosecutrix at the time of the trial. A verdict will not be set aside when it appears that the evidence was known to, and in the possession of, the party offering it during the progress of the trial, and that she did not ask for delay to secure such evidence. *Dix* v. *Commonwealth*, 110 Va. 907. Diligence in ascertaining and securing it, and the fact that such due diligence would not have secured it, must be shown. Measured by any one of the tests hereinbefore set out the proffered evidence does not warrant the granting of a new trial by the trial court.

We are constrained to hold that the court, therefore, erred in setting aside the verdict of the jury. Its judgment is reversed, the verdict re-instated, and the defendant discharged.

*Reversed; judgment entered.*