STATE *ex rel.*

WARD ALAN KEARNS, *etc., et al.*

*v.*

FRED L. FOX, II, *Judge, etc., et al.*

(No. 14887)

Decided July 15, 1980.

*Paul Mones, Juvenile Advocates, William F. Byrne*, for petitioners.

*Chauncey H. Browning*, Attorney General, *Frances W. McCoy*, Assistant Attorney General, for respondents.

NEELY, CHIEF JUSTICE:

On 3 April 1980, an arrest warrant was issued for petitioner, Ward Alan Kearns, a juvenile. The warrant charged him with intentionally making physical contact of an insulting nature with another juvenile. Petitioners presented themselves to Magistrate W. R. "Squib" Wilson, respondent, on 24 April 1980. On the following day petitioners requested that Magistrate Wilson arrange for the circuit court to appoint an attorney on their behalf. Their request was denied. On 1 May Circuit Judge Fox, also a respondent in this case, denied a similar request. Judge Fox based his denial on his intention not to incarcerate the juvenile and, therefore, counsel was unnecessary.

On 8 May petitioners contacted William F. Byrne and Paul Mones, attorneys in Morgantown, who then intervened on behalf of the petitioners challenging the institution of juvenile proceedings by criminal warrant and the denial of counsel. On 9 May a formal juvenile petition was served on petitioners. Repeated requests that counsel be appointed were denied. A preliminary hearing was set for 29 May and on 27 May attorneys Byrne and Mones sought a writ of prohibition in this Court. On 29 May Judge Fox issued an order appointing Mr. Byrne and Mr. Mones as counsel for petitioners. On 6 June Judge Fox denied a motion to vacate his order of 29 May. To the extent that counsel has been appointed for petitioners in this case it is moot, but we take this opportunity to clarify some of the issues presented to provide guidance in the future.

The 1977 amendments to Chapter 49 of the *Code* are clear and unambiguous. *Gibson v. Bechtold*, 161 W.Va. 623, 245 S.E.2d 258 (1978). The first question of statutory construction is whether a juvenile proceeding may be instituted by a criminal warrant. Petitioners urge that this is not possible under the provisions of Chapter 49. We disagree. *W.Va. Code*, 49-5-7 [1978] provides for the institution of formal proceedings by the filing of a petition. The filing of such a petition begins the formal

juvenile proceedings contemplated by Chapter 49; however, that does not prohibit the issuance of a criminal warrant for a juvenile. It is clear from the scheme of Chapter 49 that such a procedure was comtemplated and is valid. *W.Va. Code,* 49-5-1(a) [1978] provides that the first matter of inquiry in a criminal proceeding is the age of the defendant. *See also W.Va. Code,* 50-2-3 [1976]. In addition, *W.Va. Code,* 49-5-7(d) [1978] provides:

> When any case of a child charged with the commission of a crime is certified or transferred to the circuit court or brought before the court by warrant pursuant to section two [49-5-2] of this article, the court or referee shall forthwith cause the child and his parents . . . to be served with a petition as provided in subsections (a) and (b) of this section. . . .

*W.Va. Code,* 49-5-2(c) [1978] allows a child to be brought before the court on a warrant issued by a magistrate. Hence, the procedure used in this case was proper.

The second issue presented is the extent of the child's entitlement to counsel. On this question the *Code* is also clear. *W.Va. Code,* 49-5-1(c) [1978] provides "The child shall have the right to be effectively represented by counsel at all stages of proceedings under the provisions of this article." In any proceeding under the article, after a formal petition has been filed, the juvenile is entitled to counsel and, if he cannot afford to pay, counsel must be appointed for him. *See State ex rel. Harris v. Calendine,* 160 W.Va. 172, 233 S.E.2d 318 (1977). Prior to the time at which the petition is filed the circuit judge may decide to proceed informally and in such a case need not appoint counsel. But where formal proceedings are instituted by petition the juvenile has an absolute right to counsel. The statute is clear on this point. The purpose or ultimate outcome of the formal proceeding is irrelevant. The statute clearly states "all stages of the proceedings," and that includes all formal proceedings even if a prior determination has been made that nothing will result from formal proceedings and that formal proceedings are being used simply to "put the fear of

God" into the juvenile. In all cases in which formal proceedings are instituted by petition the juvenile has a right to counsel under Chapter 49.

Finally, Judge Fox's refusal to vacate his order appointing Mr. Byrne and Mr. Mones as counsel for the petitioners was proper. These appointed counsel argue that as employees of a federally funded program they cannot accept such an appointment. They were not appointed to this case in their capacity as federal employees, however, but rather as members of the West Virginia Bar. As members of the Bar, they have a duty to accept such appointments. Attorney Byrne asserts that federal regulations prohibit his accepting a fee-generating case. While it is true that the State does offer reimbursement to appointed attorneys, there is no law which requires the appointed attorney to accept the fee offered. Hence, we do not see how this poses a serious problem for Mr. Byrne in that he can simply refuse to accept the proffered fee. Doing so is a very good example of the idealism and dedication that is one of the best features of the members of this State's Bar.

The named attorneys do not allege that there is a federal statute or a federal regulation having the force and effect of federal law prohibiting state courts from appointing a practicing attorney who is working in a federally funded program to a case such as the one before us. Of course, to the extent that there is a federal statute or regulation in this regard, the courts of this State must yield to that law. However, the mere fact that the *lawyers* are prohibited under their funding *rules* from accepting a fee-generating case no more insulates them from court appointments than a similar *rule* promulgated by a large corporation prohibiting its retained counsel from accepting such an appointment.

Accordingly the writ is denied since all issues are moot.

*Writ denied.*