State *ex rel.* Earl T. Miller

*v.*

Donald Bordenkircher, *Warden,*

West Virginia Penitentiary

(No. 14970)

Decided December 16, 1980.

*Riley, Yahn & Cooey and Arch W. Riley* for relator.

*Chauncey H. Browning,* Attorney General, *Silas B. Taylor,* Assistant Attorney General, for respondent.

PER CURIAM:

This is an original habeas corpus proceeding to contest the validity of petitioner's confinement in the state penitentiary at Moundsville. We issued the writ on September 9, 1980, returnable to this Court on October 21, 1980.

Petitioner, Earl T. Miller, was indicted on October 17, 1974, on a charge of forcible rape in violation of *W.Va. Code,* 61-2-15. He was convicted by a jury on March 28, 1975, and, in accordance with the verdict not recommending mercy, sentenced to life imprisonment without eligibility for parole on March 31, 1975.

Petitioner applied for a Writ of Error and Supersedeas in this Court on March 26, 1976; the appeal was refused on October 18, 1976. While the case was pending on appeal, the West Virginia Legislature passed Chapter 43 of the Acts of the West Virginia Legislature and it became effective June 9, 1976. This act repealed *W.Va. Code,* 61-2-15 under which petitioner was convicted and is known as the Sexual Assault Act, *W.Va. Code* 61-8B-1, *et seq.*

Petitioner now contends that because of the repeal of *W.Va. Code,* 61-2-15, his original conviction must be declared null and void and his sentence set aside, or in the alternative, the case must be remanded so that he may elect to be sentenced under the lesser penalties provided for by the Sexual Assault Act. We disagree.

When the Legislature enacted the Sexual Assault Act it did not include therein a savings clause. Therefore, *W.Va. Code,* 2-2-8, the general savings statute, is applicable. *State*

*ex rel. Arbogast v. Mohn*, 164 W.Va. 6, 260 S.E.2d 820 (1979). That section provides that:

> *Effect of repeal or expiration of law.*
>
> The repeal of a law, or its expiration by virtue of any provision contained therein, *shall not affect any* offense committed, or *penalty or punishment incurred*, before the repeal took effect, or the law expired, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place, unless otherwise specially provided; and that if any penalty or punishment be mitigated by the new law, such new law may, with the consent of the party affected thereby, be applied to any judgment pronounced after it has taken effect. [Emphasis added]

Petitioner's principal argument is that a judgment pronounced does not become final for purposes of *W.Va. Code*, 2-2-8 until the time for appeal has expired or if an appeal has been taken, the appellate court has acted upon such appeal. Therefore, he contends that he should have the election of having the mitigated punishment of the 1976 Sexual Assault Act applied to his sentence on the basis that the judgment against him was not "pronounced" until after this Court had refused to hear his appeal, some months after the new law had taken effect.

The State, on the other hand, contends that the phrase "judgment pronounced" as used in the savings statute means the judgment pronounced and entered by the trial court on March 31, 1975, sentencing petitioner to confinement in the penitentiary. We agree.

In West Virginia, the rule is that the sentence pronounced becomes final at the end of the term at which it is declared. *State v. Ludwig*, 102 W.Va. 363, 135 S.E. 277 (1926); 5B M.J. *Criminal Procedure* § 70 (1976). We find no authority in this State to the contrary and note that although no writ of error or supersedeas was issued in this case, even if it had been, the effect of the writ would have been not to supersede the judgment of conviction, but merely to stay enforcement of the judgment in the case

after the writ issued until the final decision of this Court. *See, Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1941); *Walker v. State*, 137 Ark. 402, 209 S.W. 86 (1919); *Western United Dairy Company v. Miller*, 40 Ill.App.2d 403, 189 N.E.2d 786 (1963); 4 Am.Jur.2d *Appeal and Error* § 371 (1962); 1B M.J. *Appeal and Error* § 160 (1980). A writ of error does not operate to vacate the judgment of the trial court; the judgment remains pronounced throughout the appellate process.

The purpose of *W.Va. Code*, 2-2-8 was discussed recently by this Court in the *Arbogast* case:

> This statute, taken from the 1849 Virginia Code, Chapter 16, § 18, was a legislative response to problems created by the common law doctrine of abatement, under which the repeal of a criminal statute, without the inclusion by the Legislature of a specific savings clause, operated as a discharge from criminal liability of all persons who had committed offenses under the old law and had not been tried prior to the date of the repeal. [Footnote omitted] W.Va. Code, § 2-2-8 is to be read as a proviso to any repealing act which does not contain an express savings clause, and operates to preserve prosecution of offenses committed under a repealed statute which have not reached final judgment. [*Id.*, 260 S.E.2d at 823]

As we stated in *Arbogast*, the purpose of the statute is to preserve prosecution of offenses committed under a later repealed statute. To now conclude that petitioner is entitled to be set free, when he committed the crime of which he was convicted over twenty-four months before the new law went into effect and was convicted and sentenced some fifteen months before the old law was repealed, flies in the face of reason.

Petitioner's reliance on *Carlton v. Herndon*, 81 W.Va. 219 (1917) is misplaced. In *Carlton*, a judgment was rendered against the petitioner by a justice of the peace in a nonsupport proceeding. While the case was on appeal to the circuit court, and before trial began, a new statute came into effect which altered both the procedure for nonsupport cases and the penalty to be imposed.

This case had nothing to do with the finality of the judgment in the justice of the peace court, since any appeal of such judgment under our then existing and present statutes is by a trial *de novo. W.Va. Code,* 50-5-13. *See also, State v. Eden,* 163 W.Va. 370, 256 S.E.2d 868 (1979); *Jelly v. Dills,* 27 W.Va. 267 (1885).

We conclude that the language of the general savings statute is clear and so is the law in this State on the finality of criminal judgments. Petitioner is not entitled to be discharged from prosecution, nor is he entitled to elect to be sentenced under the Sexual Assault Act which became effective after his sentence was pronounced.

For the foregoing reasons, the writ of habeas corpus heretofore issued is discharged.

*Writn discharged.*