313 S.E.2d 453

**STATE ex rel. M.S.B.**

v.

**Robert LeMASTER.**

No. 16123.

Supreme Court of Appeals of West Virginia.

March 2, 1984.

Arthur A. King, Public Defender Corporation for the 23rd and 31st Judicial Circuits, Martinsburg, for appellant.

Janet Frye Steele, Asst. Atty. Gen., Charleston, for appellee.

NEELY, Justice.

This is an original proceeding in mandamus. The petitioner is a juvenile who is charged with two counts of first degree murder. He will stand trial in Berkeley County, but is currently in the custody of the Department of Human Services and is being held in Princeton, West Virginia, three hundred miles from where he is to be tried. Petitioner alleges that this geographical removal from the place of trial makes it impossible for him to obtain effective assistance of counsel.

 Petitioner is represented by a lawyer from the Public Defender Corporation which represents indigents in Berkeley County. This court is well aware that public defender offices have heavy case loads. We also take judicial notice of the fact that it is at minimum a six-hour drive from Berkeley County to Princeton and that reasonable air service is not available. Although the parties disagree concerning how many times counsel has been able to meet with petitioner, it would seem that there is little ground for disputing that the current arrangement is far from optimal. We are in accord with the Fourth Circuit's

statement of the controlling principles regarding effective assistance of counsel for the indigent:

> Counsel for an indigent defendant should be appointed promptly. Counsel should be afforded a reasonable opportunity to prepare to defend an accused. Counsel must confer with his client without undue delay and as often as necessary, to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial. An omission or failure to abide by these requirements constitutes a denial of effective representation of counsel unless the state, on which is cast the burden of proof once a violation of these precepts is shown, can establish lack of prejudice thereby. [footnote omitted]

*Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir.1968).

 Having said that, however, we are also aware that there is no easy solution to this problem. This court has a long-standing concern with the corrupting effects that result from holding juvenile and hardened adult offenders in the same penal facilities. In *State ex rel. Harris v. Calendine*, 160 W.Va. 172, 233 S.E.2d 318, 327 (1977), we stated: "It is generally recognized that the greatest colleges for crime are prisons and reform schools. The most egregious punishment inflicted upon a child incarcerated in a West Virginia penal institution is not the deprivation of his liberty but rather his forced association with reprehensible persons." Therefore, the alternative of placing the petitioner, who has not been convicted of any crime, in the adult jail in Berkeley County does not appear satisfactory. Juveniles, as well as adults, have an absolute right to effective assistance of counsel once formal proceedings are instituted, *State ex rel. Kearns v. Fox*, 165 W.Va. 421, 268 S.E.2d 65 (1980);[1]

1. *W.Va.Code* 49–5–1(c) [1982] provides in pertinent part:

but juveniles have an equally important right to be protected from unnecessary contact with debilitating influences.[2]

■ In addition to the problem of weighing a juvenile's interest in obtaining the best possible assistance of counsel against that juvenile's interest in being incarcerated in a safe and humane facility, this case is problematic because it is unusual for a claim of ineffective assistance of counsel to arise before trial. As the Fourth Circuit noted in *Coles, supra,* the state can usually defeat a claim of ineffective assistance of counsel by demonstrating that there was no prejudice to the defendant. This same principle was recognized in West Virginia's jurisprudence in the case of *State v. Thomas* 157 W.Va. 640, 203 S.E.2d 445 (1974) where we stated: "If counsel's error, proven to have occurred, would not have changed the outcome of the case, it will be treated as harmless error." *Id.* 157 W.Va. at 665, 203 S.E.2d at 461.

Because the case before us has not yet reached trial, it is impossible for us to determine if defendant's interests have been prejudiced. In fact, the diligence of counsel for the petitioner in raising this question now points toward active and effective representation. Although we appreciate counsel's concern that petitioner's rights be vindicated at the earliest possible date, we are not comfortable making a definitive statement that constitutional rights have been violated when there is no record to support such an infirmity.

This is not a case that calls for the enunciation of great legal principles. It is a case that requires all parties and this court to look for an acceptable solution to an unhappy set of circumstances. The petitioner is currently in the custody of the Department of Human Services and it is their responsibility to assure that his rights are vindicated. They must assume responsibility both for his proper incarceration and, by implication, for effective legal assistance as well if their own actions tend to impair effective assistance. If no facility is available reasonably close to the petitioner's attorney, the Department of Human Services must pay travel costs so that the petitioner's attorney can meet with his client as often as necessary. Furthermore, Public Legal Services should provide petitioner with a second lawyer closer to Princeton to assist his current counsel in preparing the case and in consulting with the client and building the necessary relationship of trust.[3]

We are aware that this is not a perfect solution. Counsel's out-of-pocket expenses will be reimbursed, but his expenditure of time remains wasteful. Although it is of little consolation, we can say only that such inconveniences cannot always be avoided by officers of the court and that we are aware and appreciative of the effort of lawyers who render professional services beyond those for which they are adequately compensated.

Finally, it is our understanding that this is a temporary problem and will soon be resolved. Respondent represented to this court in oral argument that an adequate facility will soon be built in Berkeley Coun-

---

"The child shall have the right to be effectively represented by counsel at all stages of proceedings under the provisions of this article."

2. *W.Va.Code* 49–5A–2 [1977] provides in pertinent part:
A child who has been arrested or who under color of law is taken into the custody of any officer or employee of the State or any political subdivision thereof shall be forthwith afforded a hearing to ascertain if such child shall be further detained .... It shall be the duty of the judge or referee to avoid incarceration of such child in any jail.

3. Although the 9th judicial circuit of Mercer County has not yet established a public defender corporation pursuant to *W.Va.Code* 29–21–9

[1981], a lawyer can still be appointed from among the panel of private attorneys in that circuit which was established pursuant to *W.Va. Code* 29–21–10(a) [1981]. That provision provides in full:
In each circuit of the State the circuit court shall establish and maintain regional and local panels of private attorneys-at-law who shall be available to serve as counsel for eligible clients. The court shall appoint one or more panel attorneys in accordance with the provisions of this article, to represent eligible clients in situations where the public defender corporation has not been activated or a public defender is not available to represent such eligible clients.

ty. In fact, according to respondent's representations ground should be broken this spring. Our understanding that this problem will be alleviated in the immediate future has informed our approach to what we take to be an unusual circumstance that will cease to recur within some reasonable period.

Accordingly, for the reasons given above, we grant a writ of mandamus as moulded.

Writ awarded as moulded.